G. H. A. KUNST, Judge.
Near one o’clock on the afternoon of July 8, 1943, Donald Gill, a child two years and ten months of age, fell from a metal fence, or barrier, on one side of a sidewalk in the city of Wheeling, a distance of about seventeen feet, on boards, rubbish and concrete blocks at the base of a concrete wall and sustained serious injury, alleged to be the result of negligence on the part of respondent in not having provided an adequate and sufficient barrier, for which injury, an award for damages in the sum of $50,000.00 is asked. «This concrete wall extended along the sidewalk about the frontage of a city lot, approximately fifteen feet in height, upon which had been erected this metal fence, formed of two parallel *291 horizontal pipes about two inches in diameter, supported by upright pipes of like size, at intervals of seven feet, sunk into the top of the concrete wall.
The sidewalk was along route no. 40, the national highway. The distance from the wall to the first pipe was eighteen inches and the same distance between the pipes. This fence had been erected by respondent as a barrier and protection from the difference in level at the foot of the wall and the sidewalk and it and the sidewalk and highway were under its control and jurisdiction.
The grandmother of the child, in whose care he was, had, at his request, given him five cents to purchase candy at the store next door, on the same side of the street and separated by a building from the lot fronted by the wall and fence where the accident occurred.
Donald purchased an ice-cream cone, then joined two boys at the fence, who were standing on the sidewalk watching the unloading of potatoes by four boys to each car, from two freight cars, standing on a railroad track by the side of a platform extending along what is called the High Grade Packing Company building, which faced the street. He was sitting on the lower pipe of the barrier eating his cone, when he fell. He was carried by Daniel Coffee, one of the boys employed in- unloading potatoes, to the platform apparently very seriously injured and from there taken in an ambulance to the North Wheeling hospital, where he was treated for a fractured skull, and there remained until July nineteenth.
At the present time he suffers from head pains and is in a very nervous condition. Dr. Warner testified that in his opinion, there had been partial recovery and “that the probability is that his symptoms will gradually clear up over the period of a year or two.” Claimant introduced much evidence as to the nature of the injury, and its treatment by the physicians.
*292 He is now at the home of his grandfather and grandmother, with whom he and his mother make their home, his father being with the armed forces. The mother is employed in a packing plant; the grandfather is employed and the elderly grandmother has the care of the home and is fully occupied with household duties.
The allegation in claimant’s petition that the portion of the sidewalk where this accident occurred was a playground is not established by the evidence, children only casually playing there.
In providing a safeguard from danger of this particular place, reasonable and ordinary care was required of respondent and the circumstances of such place was applicable to the precaution which it was required to take. To relieve from liability it was not necessary to make the premises “child proof” by providing all possible safeguards against the entry of children. Full duty is performed when such safeguards are provided as will reasonably prevent injury to a child of ordinary and normal habits of training; there is no liability for injury to a child who has overcome such an obstacle and succeeded in reaching a place of danger. 45 Corpus Juris S. 185, page 782.
The excavation protected by this wall and fence, constituted no hazard to an adult or anyone sui juris, only extraordinary inadvertence would subject them to any danger; only a child of tender years not having attained an age and experience where his actions would be governed by reason and knowledge could have been in any danger.
In the opinion of the court, the hazards and dangers of the other side of the walk next to and adjoining the great national highway, a street of the city, with innumerable vehicles of every kind and description moving at very considerable speed in both directions far overshadowed and exceeded the perils *293 of the excavation wall, guarded by this strong and secure barrier.
No law has been enacted requiring a barrier to be erected between this side of the walk and the street as it is not contemplated that children of tender years unattended will use the sidewalk as a playground or be subjected to any hazard from proper use of same.
How unfortunate that this little boy was denied by necessary circumstances from having the protection of his parents, whose watchfulness, care and attendance in the exercise of their natural and legal duty would have prevented this most unfortunate occurrence!
Lack of care in inadequacy and insufficiency of safeguard necessary to establish negligence of respondent, not having been shown by the evidence, an award cannot be made to claimant.